GAZES LLC
Attorneys for the Chapter 7 Trustee
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000
Ian J. Gazes, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TEEVEE TOONS, INC.<br>d/b/a TVT RECORDS,<br><br>                    Debtor. | Case No. 08-10562 (ALG)<br><br>Chapter 7 (Converted) |
| In re:<br><br>IAN J. GAZES AS CHAPTER 7 TRUSTEE OF<br>THE ESTATE OF TEEVEE TOONS, INC.<br>d/b/a TVT RECORDS,<br><br>                    Plaintiff,<br><br>      v.<br><br>Rondor Music International, Inc., UMG<br>Recordings, Inc. and<br>Universal Music Group, Inc.,<br><br>                    Defendants. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFER PURSUANT TO 11 U.S.C. §§**
**547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

     Ian J. Gazes, as the Chapter 7 Trustee (the "Trustee") of the estate of TeeVee Toons, Inc.,

d/b/a TVT Records ("Debtor"), by and through his undersigned attorneys, states as follow in

support of his complaint (the "Complaint") against Rondor Music International, Inc. ("Rondor"),

UMG Recordings, Inc. ("UMG Recordings") and Universal Music Group, Inc. ("UMG" and

with Rondor and UMG Recordings, the "Defendants"):

**<u>NATURE OF THE ACTION</u>**

1.      The Complaint seeks to avoid and recover pursuant to 11 U.S.C. §§ 547(b) and 550(a) a certain transfer made by the Debtor to one of the Defendants in the ninety (90) day period preceding the filing of the Debtor's bankruptcy case and to disallow any claim of the Defendants against the Debtor's estate pursuant to 11 U.S.C. § 502(d).

## JURISDICTION, VENUE, STAUTORY PREDICATES AND PARTIES

2.      The Court has jurisdiction over this adversary proceeding, which arises under Title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 157 and 1334.

3.      The adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157. Venue in this District is proper under 28 U.S.C. § 1409(a).

4.      The statutory predicates for this adversary proceeding are §§ 502, 547, and 550 of the Bankruptcy Code.

5.      Upon information and belief, the Defendants are each corporations organized under the laws of the state of Delaware and each with a principal office located at 10 Universal City Plaza, Universal City, California 91608.

## BACKGROUND

6.      On February 19, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7.      On October 20, 2008, the Court entered an Order converting the Chapter 11 case to a liquidation proceeding under Chapter 7 of the Bankruptcy Code.

8.      On October 21, 2008, the United States Trustee appointed the Trustee to serve as interim trustee in the case. The Trustee now serves as the duly qualified permanent Chapter 7 trustee.

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 547(b)

9.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

10.     On or within the 90 days preceding the Petition Date, the Debtor made a certain transfer (the "Transfer") to one of the Defendants, in the amount of $150,000.00, on the date set forth in Exhibit A to the Complaint which is incorporated by reference herein.

11.     The Transfer was made to or for the benefit of one of the Defendants, a creditor of the Debtor.

12.     The Transfer was made on account of an antecedent debt owed by the Debtor.

13.     The Transfer was made while the Debtor was insolvent.

14.     The Transfer enabled one of the Defendants to receive more than it would have if (a) the Transfer had not been made; (b) the Debtor's bankruptcy case were a case under Chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided for under the Bankruptcy Code

15.     By reason of the foregoing, the Transfer should be avoided and set aside as preferential.

## COUNT II – TO RECOVER PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 550

16.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17.     One or more of the Defendants was (a) the initial transferee of the Transfer or (b) the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

18.     Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from the Defendants an amount to be determined at trial that is not less than $150,000.00 plus interest thereon to the date of payment and the costs of this action.

## COUNT III– TO DISLLOW CLAIMS
## PURSUANT TO 11 U.S.C. § 502(d)

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20.     Pursuant to 11 U.S.C. § 502(d), any claims of the Defendants against the Debtor's estate  must be disallowed until such time as Defendants pay to the Trustee an amount equal to the the Transfer.

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment against Defendants (1) pursuant to 11 U.S.C. § 547(b), avoiding the Transfer; (2) pursuant to 11 U.S.C. § 550(a), directing Defendants to pay to the Trustee an amount to be determined at trial that is not less than $150,000.00, plus interest and costs; (3) pursuant to 11 U.S.C. § 502(d), disallowing any claims of Defendants against the Debtor's estate and (4) granting to the Trustee such other and further relief as may appear just and proper.

Dated:  New York, New York
        February 17, 2010

                                GAZES LLC

                                By:____/s/ Ian J. Gazes_____
                                    Ian J. Gazes
                                32 Avenue of the Americas, 27th Floor
                                New York, New York 10013
                                (212) 765-9000

                                Attorneys for the Chapter 7 Trustee

# EXHIBIT A

| Payee | Check # | Check Date | Clear Date | Transfer Amount |
|---|---|---|---|---|
| UMG Recordings | Wire | 12/10/2007 | 12/10/2007 | $150,000.00 |
| | | | | **$150,000.00** |